■ Samantha Penn, Respondent, v Jaros, Baum & Bolles et al., Defendants, and New Water Street Corporation, Appellant. (And a Third-Party Action.) New Water Street Corporation, Second Third-Party Plaintiff-Appellant, v The Depository Trust Company, Second Third-Party Defendant-Respondent. [784 NYS2d 550]—

Order, Supreme Court, New York County (Doris Ling-Cohan,

J.), entered July 10, 2003, which denied the motion of defendant New Water Street Corporation (New Water) for, inter alia, summary judgment dismissing the complaint as against it, or, in the alternative, summary judgment on its third-party claim for contractual indemnification from second third-party defendant The Depository Trust Company (Depository), unanimously affirmed, with costs.

Plaintiff's decedent, an employee of Depository, was locked in a vault leased to Depository by New Water. In an apparent attempt to alert others to her presence in the vault and secure her release, she activated a fire suppression system that caused carbon dioxide to fill the vault, suffocating her. Summary judgment dismissing the complaint against New Water was properly denied since the record discloses triable issues as to whether New Water, although an out-of-possession landlord, nonetheless undertook to maintain and repair the premises and as to whether it had actual notice of the hazard allegedly posed by the building's carbon dioxide fire suppression system (see Worth Distribs., Inc. v Latham, 59 NY2d 231, 238 [1983]).

The court also properly denied New Water summary judgment on its claim for contractual indemnification from Depository. The governing indemnification provision does not require Depository to indemnify New Water if New Water created the condition causing the injury or if it was the sole negligent party. In light of the above-noted triable issues, New Water's entitlement to contractual indemnification was not established (see Security Ins. Co. of Hartford v Interior Constr. Corp., 307 AD2d 877 [2003]).

We have considered New Water's remaining contentions and find them unavailing. Concur—Buckley, P.J., Nardelli, Saxe, Sullivan and Gonzalez, JJ.